GERTRUDE CAREY, PLAINTIFF-APPELLANT, v. FRANCIS
JOSEPH CAREY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 23, 1955—Decided June 2, 1955.

24

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Leslie H. Cohen* argued the cause for the plaintiff-appellant (*Mr. Joseph A. Fuerstman*, on the brief).

*Mr. Bertram Polow* argued the cause for the defendant-respondent (*Mr. Edward F. Broderick*, attorney).

The opinion of the court was delivered by

FREUND, J. A. D. This is an appeal by the plaintiff-wife from a judgment dismissing her suit for separate maintenance based on extreme cruelty.

The plaintiff and the defendant were married on May 20, 1930. They had one child, a daughter, now married and living in Texas. They cohabited with each other until about October 26, 1949 when they separated. In November 1949 the plaintiff instituted an action for separate maintenance, but it was abandoned in July 1950 when they became reconciled and resumed cohabitation. Since April 1952 the parties have not lived together as husband and wife, although until July of that year they remained in the same household. At that time the plaintiff left their home and accepted employment as a housekeeper earning $225 a month plus maintenance. She is still so employed and has continued to live separate and apart from her husband.

The amended complaint sets forth three causes of action: the first, for extreme cruelty; the second seeks the reasonable rental value of the premises owned by the parties as tenants by the entirety; the third, a division of household furniture and effects. Prior to trial, the third cause of action was settled; the second is totally ignored, the briefs arguing only the extreme cruelty charge.

The complaint charges numerous acts of extreme cruelty; that the defendant in 1949 or 1950 threatened the plaintiff with a gun, that he has an "awful temper" and has called her vile names. She testified that in 1947 or 1948 she had an operation for a split disc, following which she was confined to her bed at home and required to wear a back brace; that, against her will, her husband removed the brace and

forced her to have sexual relations with him. She also testified that he struck her a few times and knocked her down, and that in March 1952 he accused her of having had sexual intercourse with another man before their marriage in 1930. She alleges that as a result of these acts and charges she became nervous and lost weight, and was forced to separate herself from her husband.

The only other testimony on behalf of the plaintiff was that of her sister, Hazel Kohler. It was confined to a general statement as to the plaintiff's health, that while living with her husband she was nervous, lost weight and seemed unhappy; it in no wise corroborated any acts of extreme cruelty.

The defendant categorically denied all the plaintiff's charges of cruelty and testified that he still loved his wife and wanted her home with him. Specifically, he denied threatening her with a gun, but explained he owned one in connection with his employment as a railway mail clerk. He denied his wife's charges of name-calling or any physical assaults upon her, or that he ever made excessive sexual demands of her or had accused her of premarital sexual intercourse.

At the conclusion of the hearing, the trial court rendered an oral opinion reviewing the facts and then dismissed the complaint. Later, a written opinion was filed, in which the court concluded "that the plaintiff * * * has failed to sustain the burden of proof" or "to have furnished any degree of corroboration regarding the acts complained of. * * *"

It is fundamental that the plaintiff has the burden of proving the allegations of her complaint and all uncertainties of fact should be resolved against her. *Gordon v. Gordon*, 89 *N. J. Eq.* 535 (*E. & A.* 1918); *Sheeran v. Sheeran*, 115 *N. J. Eq.* 75 (*E. & A.* 1934). Here, the wife separated herself from her husband and seeks separate maintenance. Hence, she must prove that her husband's conduct was such extreme cruelty as would allow her to institute an action for divorce from bed and board. *Zehrer v. Zehrer*, 5 *N. J.* 53 (1950).

■ The law has been repeatedly stated that—

" 'To justify a divorce *a mensa et thoro*, actual physical violence need not be proved, but such conduct, by the husband, must be shown as will justify the court in believing that, if he is allowed to retain his power over his wife and she is compelled to remain subject to him, her life or her health will be endangered, or that he will render her life one of such extreme discomfort and wretchedness as to incapacitate her to discharge the duties of a wife.' " *Fallon v. Fallon*, 111 *N. J. Eq.* 512 (*E. & A.* 1932).

*Carney v. Carney*, 13 *N. J. Misc.* 125 (*Ch.* 1934), affirmed 117 *N. J. Eq.* 559 (*E. & A.* 1934) ; *Zehrer v. Zehrer, supra;* *Welch v. Welch*, 34 *N. J. Super.* 197 (*Ch.* 1955).

■ While it is true that in a separate maintenance suit corroboration of the plaintiff's testimony is not necessary, it is desirable to assist in proving the serious charges made against the husband. Here, the husband denied every allegation of extreme cruelty. In this type of case, where extreme cruelty is charged, the effect upon the mental and physical condition of the wife is of paramount importance and the results of the alleged misconduct in each case must be examined upon the particular facts and circumstances. *Stutz v. Stutz*, 139 *N. J. Eq.* 385 (*E. & A.* 1947) ; *Bonardi v. Bonardi*, 113 *N. J. Eq.* 25 (*E. & A.* 1933). In the instant case the wife claimed that as the result of her husband's course of conduct toward her she became nervous and lost weight. But she failed to prove by medical or other corroborative testimony the impairment of her mental, nervous or physical condition while she was living with her husband or that the impairment she alleges was the result of her husband's acts of extreme cruelty.

■ The plaintiff testified that the defendant in 1952 accused her of having had sexual intercourse prior to their marriage in 1930. This is denied by the defendant who testified he never mentioned anything about any sexual relations of his wife with another. To constitute extreme cruelty, such a charge must be maliciously or wantonly made, "under circumstances which in fact cause anguish and pain of the extreme nature contemplated by the definitions." *Fallon v.*

*Fallon, supra.* Assuming, *arguendo,* that the charge of premarital relations was made, there is a complete absence of proof that it was made under such conditions as would constitute extreme cruelty.

The basic issue for determination by the trial court was whether the evidence disclosed that the defendant's alleged extreme cruelty toward the plaintiff was such as to endanger her life or health so as to incapacitate her from discharging the duties of a wife, or, if continued, would have brought about such a condition. *Jonitz v. Jonitz,* 25 *N. J. Super.* 544 (*App. Div.* 1953). In the absence of substantiating proofs of the plaintiff's charges, the trial court must rely solely upon its evaluation of the credibility of the respective parties. Here, the court was aware that the parties had previously been separated and had become reconciled, and that the plaintiff continued to reside in the same household with the defendant for three months after the filing of the complaint in this action. Generally, cohabitation in the same household renders doubtful the charge that the conduct of the husband to his wife is extreme cruelty. *Weigel v. Weigel,* 63 *N. J. Eq.* 677 (*Ch.* 1902); *McKee v. McKee,* 107 *N. J. Eq.* 1 (*Ch.* 1930).

The plaintiff has made application for payment by the defendant of the costs of this appeal, including the transcript of the testimony, printing of the appendix and her brief, and an allowance of counsel fees. The cost of the transcript and of printing the appendix should be paid by the defendant, but not the cost of printing the plaintiff's brief nor a fee to her counsel. *R. R.* 1:9–3.

Judgment affirmed.